Paule EBRAHIMI, Plaintiff,

v.

CITY OF HUNTSVILLE BOARD OF EDUCATION, et al., Defendants.

No. CV95–H–1331–NE.

United States District Court, N.D. Alabama, Northeastern Division.

Nov. 22, 1995.

Ann C. Robertson, Gordon Silberman Wiggins & Childs, Birmingham, AL, for Paule Ebrahimi.

J.R. Brooks, Donna S. Pate, Lanier Ford Shaver & Payne, Huntsville, AL, for City of Huntsville Board of Education, Martha Miller, Ann Fee, Randy Bounds, Jenny Jacks, James Dawson, Ron Sanders, Mary Ruth Yates.

Frederick L. Fohrell, Walter A. Kelley, Wilmer & Shepard, Huntsville, AL, for Rex Cheatham, Patsy Parker.

Frederick L. Fohrell, Walter A. Kelley, Wilmer & Shepard, Huntsville, AL, Mark S. Boardman, Edward M. Weed, J. Wesley Hughes, Boardman & Tyra P.C., Birmingham, AL, for Lori Dalton, Judy Guin, Billie Crick, Jan Hamilton, Jane Adams.

## ORDER

HANCOCK, District Judge.

The court has before it plaintiff's November 6, 1995 motion to reconsider portions of this court's October 24, 1995 order. Specifically, the plaintiff asks the court to reconsider (1) its dismissal of defendant Randy Bounds from Claim Four in plaintiff's First Amended Complaint, and (2) its dismissal of plaintiff's 42 U.S.C. § 1981 claims against the individual defendants in their individual capacities in Claim One of the First Amended Complaint. The plaintiff's motion to reconsider is GRANTED to the extent set forth below. And for the reasons hereinafter stated, the October 24, 1995 order is modified in accordance with this order.

With respect to the first area of reconsideration, the plaintiff is correct that defendant Bounds was inadvertently left out of the court's discussion of Claim Four. Therefore, plaintiff has stated in Claim Four a viable claim for conspiracy to deprive plaintiff of equal protection of the laws in violation of 42 U.S.C. § 1985(3) against defendants Dalton, Cheatham, Guin, Miller, Fee, Saunders, Dawson, Yates, Hamilton, Crick, Adams, Parker and Bounds in their individual capacities.

Turning to the second area of reconsideration, in its October 24, 1995 order, the court dismissed, *inter alia*, plaintiff's § 1981 claims against all individually named defendants in their official and individual capacities, leaving the Board of Education as the sole defendant to plaintiff's § 1981 claim. The plaintiff seeks to have the court reinstate plaintiff's 42 U.S.C. § 1981 claims against the individual defendants in their individual capacities on the ground that § 1981 is not restricted to employers, but rather includes any person who interferes with an individual's right to make and enforce contracts on the basis of race.[1]

The plaintiff's motion has caused the court to reevaluate its earlier ruling regarding plaintiff's § 1981 claims, including the § 1981 claim against the Board of Education in Claim One. The Supreme Court has made it clear that § 1983 is the exclusive means by which a plaintiff can pursue a federal damages remedy for violation of rights guaranteed by § 1981 when the claim is pursued against a state actor. *Jett v. Dallas Independent School District,* 491 U.S. 701, 731, 735, 109 S.Ct. 2702, 2722–23, 105

---

1. The court notes that it tracked the language of plaintiff's complaint stating that she was pursuing a claim under 42 U.S.C. § 1981(2) in Claim One. The court's reliance on plaintiff's complaint was misplaced because there is no such statute. While it is unclear whether plaintiff is pursuing a claim under § 1981(a) or § 1981a(2), the court surmises from other areas of plaintiff's complaint that she is pursuing a claim under § 1981(a). *See* First Amended Complaint at ¶ 1.

L.Ed.2d 598 (1989).[2] In addition, *Jett* reaffirmed that liability against a state agency for violation of § 1981 may not be based on a *respondeat superior* theory but must be redressed under § 1983 using the analysis in *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). Therefore, when a state employee seeks to hold the agency employer liable in damages for violations of rights guaranteed by § 1981, the state employee must pursue such claim exclusively under § 1983. Plaintiff did not invoke § 1983 in Claim One.[3] The Board of Education is therefore DISMISSED from plaintiff's § 1981 claim contained in Claim One of the First Amended Complaint but remains a defendant under such Claim One as to the Title VII and Title IX claims therein contained.

 The same reasoning applies to plaintiff's § 1981 claims against the individual defendants in their individual capacity.

2. Several cases have held that the addition of subsection (c) to § 1981 by the Civil Rights Act of 1991 overruled the holding in *Jett*. However, the cases that have made such a holding have done so without a detailed or well reasoned inquiry into the legislative history or rationale behind the addition of subsection (c) to § 1981. *See e.g., Robinson v. Town of Colonie*, 878 F.Supp. 387 (N.D.N.Y.1995); *LaCompania Ocho, Inc. v. United States Forest Serv.*, 874 F.Supp. 1242 (D.N.M. 1995); *Morris v. State of Kan. Dept. of Revenue*, 849 F.Supp. 1421 (D.Kan.1994); *Ford v. City of Rockford*, 1992 WL 309603 (N.D.Ill.1992).

The courts that have examined the legislative history and intent behind the addition subsection (c) to § 1981 have held to the contrary. *See Dennis v. County of Fairfax*, 55 F.3d 151, 156 n. 1 (4th Cir.1995); *Johnson v. City of Fort Lauderdale, Florida*, 903 F.Supp. 1520, 1521–1523 (S.D.Fla.1995); *Philippeaux v. North Central Bronx Hosp.*, 871 F.Supp. 640, 655 (S.D.N.Y. 1994); *Garrett v. Clarke County Bd. of Educ.*, 857 F.Supp. 949 (S.D.Ala.1994); *McFarland v. Folsom*, 854 F.Supp. 862 (M.D.Ala.1994).

Subsection (c) provides, "[t]he rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. § 1981(c) (1991). Congress' intent in adding subsection (c) was set out in detail by the *Philippeaux* court, and adopted by the Fourth Circuit in *Dennis*. The *Philippeaux* court examined the intent of Congress in enacting the 1991 Civil Rights Act as it pertained to § 1981 and noted that "[t]he focus of Congress' attention was on subsection (b), which overruled a portion of the Supreme Court's decision in *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1991)." By contrast, "at no time in either the official summaries or in floor debate surrounding the enactment of subsection (c) did any congressperson mention *Jett* or the scope of municipal liability under Section 1981." In fact, "[t]he legislative history of the Act mentions subsection (c) only briefly, and states that subsection (c) was added to reaffirm *Runyon v. McCrary*, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976), which held that Section 1981 applied to nongovernmental entities." *Philippeaux*, 871 F.Supp. at 655 (citing H.R.Rep. No. 40(I) at 92, 141, reprinted in 1991 U.S.C.C.A.N. at 630, 670;

137 Cong.Rec. at S15473, S15483.); *see also Johnson*, —— F.Supp. at —— ("until the Supreme Court's ruling in *Runyon*, there was some doubt as to whether § 1981 protected against [discrimination by private actors]"). As noted by the *Philippeaux* court, "it would be startling for this Court to find that an amendment intended to reaffirm a Supreme Court decision (*Runyon*) had in fact overturned another (*Jett*) and undermined the carefully balanced holding of *Monell*, which has formed the bedrock of municipal liability. *Id.* at 656, n. 9.

This conclusion is consistent with the idea expressed in *Jett* that while § 1983 provided an express damages remedy for actions taken under color of state law, the Court had merely *implied* a damages remedy for actions taken by private actors because an express private remedy to address violations of § 1981 did not exist. *Jett*, 491 U.S. at 731–32, 109 S.Ct. at 2720–21. Thus, in enacting subsection (c), Congress merely stated expressly what had been implied before. It was not intended to create a cause of action that did not previously exist and disrupt years of settled law regarding municipal liability.

This court joins the courts that have held that the holding in *Jett* was not overruled by the addition of subsection (c) to § 1981 in the Civil Rights Act of 1991. In so concluding, the court finds that the careful analysis in these cases supports the conclusion that subsection (c) was not added to overturn years of settled law regarding municipal liability as set out in *Monell* and *Jett*, but was merely added to reaffirm the Court's holding in *Runyon* that private as well as state actors were liable for violations of § 1981.

3. Plaintiff's complaint *still* has in Claim Two a § 1983 equal protection claim against the Board of Education. Included in that equal protection claim as defendants are Miller, Fee, Bounds, Dawson, Saunders, and Yates. As with the Board of Education itself, the liability of these individual defendants in their individual capacity may not be based on any theory of *respondeat superior*, but rather must be based on their direct participation in the discrimination alleged. Plaintiff does not dispute the court's dismissal of Claim Three, a § 1983 procedural due process claim.

*Jett* is clear that a claim for damages against a state *actor* for violation of rights contained in § 1981 must be redressed pursuant to the explicit remedial provisions of § 1983. *Jett,* 491 U.S. at 731, 735, 109 S.Ct. at 2720–21, 2722–23. The Supreme Court did not make a distinction between state entities and individuals acting pursuant to color of state law. Therefore, when a state employee seeks to hold an individual fellow state employee liable in damages for violation of § 1981 rights, such claim must also be pursued under the remedial provisions of § 1983.[4] When that occurs, because the fellow employee is a state actor, the fellow employee is entitled to rely on the defense of qualified immunity. *See Lassiter v. Alabama A & M University,* 28 F.3d 1146 (11th Cir.1994).

As noted earlier, plaintiff does not invoke § 1983 in Claim One, and the individual defendants were therefore correctly dismissed from her § 1981 claim in Claim One of the First Amended Complaint.[5]

In sum, defendant Bounds in his individual capacity is added as a defendant to Claim Four of plaintiff's First Amended Complaint. The Board of Education, however, is DISMISSED as a defendant from plaintiff's § 1981 claim in Claim One. In all other respects, the court's October 24, 1995 order is reaffirmed.

---

4. To the extent *Faraca v. Clements,* 506 F.2d 956 (5th Cir.1975), *cert. denied,* 422 U.S. 1006, 95 S.Ct. 2627, 45 L.Ed.2d 669 (1975), held to the contrary such holding is suspect if not overruled by the Supreme Court's express pronouncement in *Jett* that § 1983 is the exclusive means by which a plaintiff may sue a *state actor* for violation of § 1981 rights. *Jett* did not disturb *Faraca's* holding to the extent it is consistent with the concept that actions by private, i.e., nongovernmental, actors may be pursued under § 1981. *See Runyon, supra; Leige v. Capitol Chevrolet, Inc.,* 895 F.Supp. 289, 293–94 (M.D.Ala.1995) (individual employees of private corporation in a position to make decisions with regard to plaintiff's employment may be sued under § 1981).

5. The result would be the same even if plaintiff had included a § 1983 claim in Claim One to redress a § 1981 violation by an individual state actor. The only individual defendants arguably

identified by plaintiff with regard to her § 1981 claim are Guin, Dalton, Crick, Hamilton, Cheatham, Parker, and Saunders in their individual capacities. The allegations against defendant Saunders do not rise to the level of *discriminatory* interference with plaintiff's contract with the Board of Education, as the allegations merely state that Saunders notified plaintiff that she was being transferred. *See* First Amended Complaint at ¶ 14. As to the other defendants, they are all teachers at the school where plaintiff was employed. It is not alleged, nor could it seriously be argued that these defendants had the power or authority to make or recommend employment action against the plaintiff. *See Leige,* 895 F.Supp. at 293 ("Supervisors with the capacity to hire and fire or those who can recommend such decisions are subject to liability under § 1981."). Thus, plaintiff could not have stated a viable § 1981 claim against these individuals.