**Marie ANDERSON, Plaintiff,**

**Aquanita Jefferson, Edna McCoy and Daisy Brown, Plaintiff–Intervenors,**

**v.**

**BOARD OF SCHOOL COMMISSIONERS OF MOBILE COUNTY, AL, and Harold W. Dodge, Superintendent, Mobile County School System, Defendants.**

**No. Civ.A. 98–0610–RV–S.**

United States District Court,
S.D. Alabama,
Southern Division.

Sept. 24, 1999.

Vanessa A. Shoots, Henry H. Caddell, Thiry and Caddell, Mobile, AL, for Plaintiff.

Robert C. Campbell III, Kathryn W. Petersen, William K. Morris, Sintz, Campbell, Duke & Taylor, Mobile, AL, for Defendants.

### ORDER

VOLLMER, District Judge.

This matter comes before the court on plaintiff's and plaintiff-intervenors' motions for leave to amend their complaints,[1] defendants' motion to dismiss plaintiffs' § 1981 claims,[2] and defendants' motion for summary judgment.[3] The court will address each motion in turn.

### I. PROCEDURAL BACKGROUND

On June 16, 1998, plaintiff Marie Anderson brought this action against the Board of School Commissioners of Mobile County (the "Board") and Mobile County School System Superintendent Paul J. Sousa[4] (collectively, "defendants") under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 41 U.S.C. § 2000 et seq.[5] Anderson's complaint alleged that

the new principal of Theodore High School, who is white, refused to hire Anderson as a teacher for the 1997 summer term because Anderson is African–American.

On August 27, 1998, Aquanita Jackson, Edna McCoy and Daisy Brown (collectively, "plaintiff-intervenors") filed a motion to intervene as plaintiffs in this action. They alleged that the Theodore High School principal also denied their applications for teacher positions for the 1997 summer term because of their African–American race. They further alleged that the issues raised by their proposed complaint in intervention are virtually identical to the issues raised by Anderson's complaint, "except that the proposed Intervenors rely solely upon 42 U.S.C. § 1981 and do not assert claims under [Title VII,] 42 U.S.C. § 2000(e), et. seq." [6] Over defendants' objection, this court granted the motion to intervene on November 24, 1998.

On September 15, 1998, pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, this court issued a scheduling order which stated that all motions to amend the pleadings must be filed by February 1, 1999, and that all dispositive motions must be filed by April 15, 1999. The

---

1. *See* plaintiff-intervenors' "Motion and Brief for Leave to Amend Intervenors' Complaint to Add Claims Under Title VII Based Upon the Same Factual Allegations" (Doc. 36); "Defendants' Brief in Opposition to Intervenors' *Complaint to Add Claims under Title VII*" (Doc. 42); plaintiff-intervenors' "Further Response in Support of Their Motion to Amend Complaint" (Doc. 45); and the "Motion and Brief of Plaintiff [sic] and Intervenors for Leave to Amend Their Complaints that They are Seeking Remedy Under 42 USC § 1983[sic]" (Doc. 54).

2. *See* defendants' "Motion to Dismiss or, in the Alternative, Motion for Judgment on the Pleadings" (Doc. 52) and supporting memorandum (Doc. 53); and "Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss or in the Alternative Motion for Judgment on the Pleadings" (Doc. 58).

3. *See* defendants' "Motion for Summary Judgment" (Doc. 31) and supporting memoran-

dum (Doc. 32); "Plaintiffs' Brief in Opposition to Defendants' Motion for Summary Judgment" (Doc. 39); defendants' "Supplemental Brief in Support of Motion for Summary Judgment" (Doc. 50); and "Intervenors' Response to Defendant's [sic] Supplemental Brief insupport [sic] of Motion for Summary Judgment" (Doc. 56).

4. Because Superintendent Sousa was sued in his official capacity, his successor, Dr. Harold W. Dodge, was automatically substituted as a defendant. *See* Fed.R.Civ.P. 25(d)(1).

5. A copy of Anderson's right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") was attached to her complaint.

6. There were no EEOC right-to-sue letters attached to this motion.

court subsequently extended the dispositive motion deadline to April 22, 1999.

On April 22, 1999, defendants filed a motion for summary judgment as to all claims, arguing that: (1) plaintiff and plaintiff-intervenors (collectively, "plaintiffs") had not shown intentional discrimination; (2) the superintendent was improperly named as a defendant; and (3) defendants could not be held vicariously liable under § 1981 for the principal's actions.

Shortly thereafter, on May 7, 1999, plaintiff-intervenors filed a "Motion and Brief for Leave to Amend Intervenors' Complaint to Add Claims Under Title VII Based Upon the Same Factual Allegations." In this motion, plaintiff-intervenors invoked Rule 15(a) of the Federal Rules of Civil Procedure and requested leave to file an amended complaint adding claims under Title VII after the February 1, 1999 Rule 16(b) Scheduling Order deadline. The motion argued that leave should be granted because plaintiff-intervenors were entitled to plead Title VII claims when they filed their original complaint in intervention and because the proposed amendment "would not prejudice Defendants in any way."

On August 5, 1999, defendants filed a "Motion to Dismiss or, in the Alternative, Motion for Judgment on the Pleadings" as to plaintiffs' § 1981 claims. Defendants argued that this court should either dismiss plaintiffs' § 1981 claims or grant judgment in favor of defendants on these claims because "42 U.S.C. § 1983 [which plaintiffs had not pled] is the exclusive federal remedy for violation by a state governmental entity of rights guaranteed under 42 U.S.C. § 1981." Defendants did not explain their failure to meet the April 22, 1999 scheduling order deadline for dispositive motions but simply argued that they were entitled to judgment as a matter of law.

The very next day, on August 6, 1999, plaintiffs filed a "Motion and Brief of Plaintiff [sic] and Intervenors for Leave to Amend Their Complaints that They are Seeking Remedy Under 42 U.S.C. § 1983[sic]." In this motion, plaintiffs' again invoked Rule 15(a) and requested leave to file an amended complaint adding claims under 42 U.S.C. § 1983 after the February 1, 1999 scheduling order deadline for amendments to the pleadings. Plaintiffs argued that leave to amend should be granted because the § 1983 claims were "inadvertently omitted" from their original complaints and because the amendments would not prejudice the defendants.

## II. DISCUSSION

### A. Plaintiffs' Motions to Amend

■ In support of their motions for leave to amend their complaints after the February 1, 1999 deadline established by this court's Rule 16(b) Scheduling Order, plaintiffs focus upon the liberal amendment standard set forth in Rule 15(a) of the Federal Rules of Civil Procedure. Rule 15(a) contemplates that leave to amend shall be freely given unless there is undue delay, dilatory motive or prejudice to the opposing party. *See Halliburton & Assoc., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 443 (11th Cir.1985). Plaintiffs argue that leave to amend should be granted because their proposed amendments have no dilatory motive and would not prejudice the defendants or cause undue delay. Defendants counter that the several-month delay in seeking leave to file the amendments was indeed "undue," that a dilatory motive may be presumed from this delay, and that defendants would be prejudiced by this delay if leave to amend were granted.

■ Had plaintiffs sought leave to amend their complaints before the scheduling order deadline, the court would resolve these Rule 15(a) issues. However, where a party seeks leave to amend after a scheduling order deadline, that party must first demonstrate "good cause" under Rule 16(b) of the Federal Rules of Civil Procedure before the court can consider wheth-

er the proposed amendments are proper under Rule 15(a). *See Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir.1998). Otherwise, scheduling order deadlines would be "meaningless" and the good cause requirement articulated by Rule 16(b) would effectively be read out of the Federal Rules of Civil Procedure. *See id.* at 1419.

■ Notwithstanding this good cause requirement under Rule 16(b), plaintiffs neither cite Rule 16(b) in their motions nor offer any good cause for filing their proposed amendments after the scheduling order deadline. Indeed, plaintiffs admit that no facts have changed since their original complaints were filed. Thus, it is clear that plaintiffs could have included the Title VII and § 1983 claims in their original complaints, particularly since they had ample opportunity to research the law and file their proposed amendments before the scheduling order deadline.

The court therefore finds that plaintiffs' failure to amend their complaints prior to the February 1, 1999 scheduling order deadline was the result of a lack of diligence in pursuing their claims. As a result, plaintiffs have failed to demonstrate that their failure to comply with the sched-

uling order deadline was supported by good cause as required by Rule 16(b). *See Sosa*, 133 F.3d at 1418 (stating that good cause standard articulated by Rule 16(b) precludes *modification* of a scheduling order deadline unless it cannot "be met despite the diligence of the party seeking the extension"). Accordingly, plaintiffs' motions for leave to amend their complaints to add claims under Title VII and 42 U.S.C. § 1983 are due to be denied.

### B. Defendants' Motion to Dismiss

■ Having determined that plaintiffs failed to show the good cause necessary to amend their complaints after the scheduling order deadline, the court turns to the issue of whether defendants' motion to dismiss plaintiffs' § 1981 claims should be granted.[7] In *Jett v. Dallas Independent School District*, 491 U.S. 701, 731, 109 S.Ct. 2702, 2722–23, 105 L.Ed.2d 598 (1989), the Supreme Court held that § 1983 is the exclusive federal damages remedy for violations by a state actor of rights protected by § 1981. Thus, where, as here, a state employee seeks damages for a state employer's violation of rights protected by § 1981, *Jett* mandates that the state employee must pursue that claim under § 1983.[8] Accordingly, because plain-

---

**7.** Plaintiffs argue with some force that this court should not consider defendants' motion to dismiss because it was filed several months after the April 22, 1999 scheduling order deadline for dispositive motions. Plaintiffs basically contend that if the court is not going to relax the scheduling order deadline for their motions to amend, it should not relax the scheduling order deadline for defendants' motion to dismiss. The court is not unsympathetic to the argument that the scheduling order deadlines should be applied equally in this case. Nonetheless, as explained below, the court concludes that plaintiffs' § 1981 claims are due to be dismissed (whether upon defendants' motion or *sua sponte* by the court) because, simply put, plaintiffs' causes of action under § 1981 fail to state triable claims upon which relief can be granted.

**8.** The court is aware that some disagreement exists as to whether the Civil Rights Act of 1991, through the addition of subsection (c) to § 1981, overrules *Jett*. Compare *Dennis v. County of Fairfax*, 55 F.3d 151, 156 n. 1 (4th

Cir.1995) (1991 Act did not overrule *Jett*) *with Federation of African American Contractors v. City of Oakland*, 96 F.3d 1204, 1214 (9th Cir.1996) (1991 Act overruled *Jett* and allows a direct cause of action under § 1981 against state actors). Although the Eleventh Circuit has not explicitly addressed this issue, several district courts within this Circuit have held that § 1981(c) does not overrule *Jett. See Villanueva v. City of Fort Pierce*, 24 F.Supp.2d 1364, 1368 (S.D.Fla.1998); *Reynolds v. Glynn County Bd. of Educ.*, 968 F.Supp. 696, 707 (S.D.Ga.1996); *Ebrahimi v. City of Huntsville Bd. of Educ.*, 905 F.Supp. 993, 994–95 (N.D.Ala.1995); *Johnson v. City of Fort Lauderdale*, 903 F.Supp. 1520, 1523 (S.D.Fla. 1995), *aff'd on other grounds*, 148 F.3d 1228 (11th Cir.1998). This court agrees and accordingly holds that the addition of subsection(c) to § 1981 by the Civil Rights Act of 1991 did not overrule the holding in *Jett* that § 1983 is the exclusive remedy for a state actor's violation of rights protected by § 1981.

tiffs did not invoke § 1983 in their complaints, the court concludes that their § 1981 claims are due to be dismissed.[9] *See Ebrahimi v. City of Huntsville Bd. of Educ.,* 905 F.Supp. 993, 995 (M.D.Ala.1995) (dismissing school employee's § 1981 claim against school board for failure to invoke § 1983).

C. Defendants' Motion for Summary Judgment

 The sole issue remaining in this case is whether defendants are entitled to summary judgment as to plaintiff Anderson's surviving Title VII claim. After carefully reviewing the law and considering the submissions of the parties, it is the opinion of the court that genuine issues of material fact exist as to this claim. The court therefore concludes that defendants' motion for summary judgment is due to be denied.

### III. CONCLUSION

Plaintiffs' motions for leave to amend their complaints to add claims under Title VII and 42 U.S.C. § 1983 are **DENIED.** Defendants' motion to dismiss plaintiffs' § 1981 claims is **GRANTED.** These claims are **DISMISSED WITH PREJUDICE.** Accordingly, because the only claims asserted by plaintiff-intervenors Aquanita Jackson, Edna McCoy and Daisy Brown are § 1981 causes of action, these plaintiff-intervenors are **DISMISSED** from this action. Defendants' motion for summary judgment is **DENIED.**

9. Consequently, because plaintiff-intervenors only assert § 1981 causes of action, these parties are due to be dismissed from this case.