**Pam Martin HAMM, Plaintiff,**

v.

**LAKEVIEW COMMUNITY HOSPITAL, and Kenneth L. Todd, M.D., Individually, Defendants.**

**Civil A. No. 96–A–651–N.**

United States District Court, M.D. Alabama, Northern Division.

Dec. 2, 1996.

Ann C. Robertson, Gordon, Silberman, Wiggins & Childs, Birmingham, AL, Matthew C. Lamere, Parkman, Brantley, Lamere & Atwell, Dothan, AL, for plaintiff.

David R. Boyd, Balch & Bingham, Montgomery, AL, Collette R. Jones, Chambliss & Bahner, PLLC, Chattanooga, TN, for defendant, Lakeview Community Hosp.

Edward M. Price, Jr., Elizabeth B. Glasgow, Farmer, Price, Hornsby & Weatherford, Dothan, AL, William C. Carn, III, Lee & McInish, Dothan, AL, for defendant, Dr. Tripp Dodd.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

### I. INTRODUCTION

This cause is before the court on a Motion to Dismiss the Complaint filed by Defendant Kenneth L. Todd M.D. ("Todd").

In this case, the Plaintiff, Pam Martin Hamm ("Hamm"), brings claims under 42 U.S.C. § 2000e and the 1991 Civil Rights Act (collectively "Title VII") and 42 U.S.C. § 1983 against Lakeview Community Hospital ("Lakeview") and Todd. In count one of the Complaint, Hamm brings a claim for quid pro quo sexual harassment. In count two, Hamm asserts that Lakeview and Todd created a hostile environment. In count three, Hamm brings a claim for retaliation. Hamm also brings state law claims of invasion of privacy and intentional infliction of emotional harm against Lakeview and Todd.

Todd has moved for dismissal of counts one, two, and three of the Complaint as well as paragraph four of Hamm's prayer for relief on the theory that Title VII claims cannot be brought against persons in their individual capacities.

For the reasons to be discussed below, Todd's Motion to Dismiss counts one, two, and three of the Complaint and paragraph four of the prayer for relief is due to be GRANTED.

### II. STANDARD OF REVIEW

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir.1986) ("[W]e may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.") (citation omitted). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. *Hishon,* 467 U.S. at 73, 104 S.Ct. at 2232–33. Furthermore, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir.1985).

### III. FACTS

The complaint contains well-pleaded allegations of Todd's harassing behavior, including alleged comments on Hamm's anatomy and invitations to Hamm to Todd's home in the evening. However, for purposes of the Motion to Dismiss, the alleged behavior of Todd is not as relevant as is the employment relationship between Todd, Hamm, and Lakeview. Therefore, the court will focus on the facts regarding the employment relationship for purposes of this motion.

According to Hamm's well-pleaded Complaint, Hamm began working in the emergency department at Lakeview as a nurse in 1993. Hamm worked two twelve hour shifts every other weekend and two or three days per week. Todd also worked in the emergency room at Lakeview. Todd was a physician with whom Hamm often worked on her shifts. Todd is employed by Trauma Response, P.C. which contracts with Lakeview to provide doctors to staff the emergency room.

In October of 1994, Todd recommended to the Emergency Room Supervisor that Hamm be terminated. Hamm was told by her supervisor, however, that she would not be terminated. When Hamm then told her supervisor about Todd's advances, she was told that the problem would be fixed. The Hospital Administrator then told Hamm that she

would no longer work when Todd did, and asked Hamm to call the administrator each Monday after a shift to report on Hamm's work performance. Lakeview then discontinued its "Baylor Plan" for nurse scheduling and Hamm was only assigned to work two days over a month and one-half. Hamm was then placed on suspension for being absent without a doctor's excuse. When the "Baylor Plan" was reinstituted, Lakeview did not call Hamm to allow her to work under her previous schedule.

## IV. DISCUSSION

### A. Claims under § 1983

■ Section 1983 applies only to persons acting under "color of state law" and does not reach the conduct of private individuals. *Wideman v. Shallowford Community Hosp.*, 826 F.2d 1030 (11th Cir.1987). There is no allegation that Todd was employed by the state nor that he was acting under color of state law. Todd is instead an individual employed by a private company which contracts with Lakeview. Moreover, Hamm concedes that her § 1983 claim is due to be dismissed. Therefore, this court holds that the § 1983 causes of action in counts one, two, and three are to be dismissed as to Todd.

### B. Claims under Title VII

To bring a claim for an unlawful employment practice under Title VII, a plaintiff must allege that the defendant is an "employer" within the statute. An "employer" is defined as one who is "engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year, and any agent of such a person." 42 U.S.C. § 2000e(b). Todd has argued that he does not fit into this definition of employer and, therefore, that Hamm's Title VII claims are due to be dismissed as to Todd.

■ It is well-established in the Eleventh Circuit that Title VII does not provide a cause of action against individuals. *See Busby v. City of Orlando*, 931 F.2d 764 (11th Cir.1991); *Cross v. Alabama*, 49 F.3d 1490 (11th Cir.1995); and *see also Kelley v. Troy State University*, 923 F.Supp. 1494 (M.D.Ala.

1996). In its interpretation of the provisions of Title VII, the Eleventh Circuit has determined that "[i]ndividual capacity suits under Title VII are ... inappropriate." *Cross*, 49 F.3d at 1504 (quoting *Busby*, 931 F.2d at 772).

The rationale for not allowing individual liability under Title VII is that "the relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." *Id.* Allowing individual liability would create the anomaly that employers with less than fifteen employees would be shielded from liability, while individuals would still be liable. "While gearing the amount of damages to the size of the employer makes sense if the employer is the party to be held liable, it makes no sense if it is the individual who is to be held liable." *Smith v. Capitol City Club*, 850 F.Supp. 976, 979 (M.D.Ala.1994).

■ Hamm argues that Todd still may be held liable as an individual. Hamm's first argument in support of this position is that Eleventh Circuit precedent is not clearly established. Hamm argues that Todd's reliance on *Busby* is misplaced because that case was decided before the 1991 amendments to Title VII. Although Hamm does not elaborate upon the effect that the 1991 amendments could have on the holding in *Busby*, other plaintiffs have made similar arguments. *See Smith*, 850 F.Supp. at 977.

In *Smith*, the plaintiff argued that before the 1991 amendments, remedies under Title VII were limited to relief that the employer was in the best position to provide such as reinstatement and back pay. *Id.* The amendments, however, allowed for compensatory and punitive damages. *Id.* Therefore, the plaintiff argued, individuals could be held liable under the amendments. *Id.* After reviewing the policy reasons behind Title VII and its amendments, the *Smith* court rejected this argument because there is no evidence that Congress intended to allow individuals to be held liable either before or after the amendments. *Id.* at 978.

Not only has this district rejected the argument that the 1991 Amendments to Title VII allow for individual liability, but the

Eleventh Circuit has also recently affirmed its position by citing *Busby* in holding that an individual was not an employer within the meaning of Title VII. *See Cross*, 49 F.3d 1490, 1504. Therefore, this court finds that the Eleventh Circuit still prohibits individual liability under Title VII. *See also Kelley*, 923 F.Supp. at 1499.

Hamm argues that even if the Eleventh Circuit prohibits individual liability under Title VII, there is an exception to the rule. This district has recognized that there may be situations in which an exception to the prohibition of individual liability under Title VII would be appropriate. *See Smith*, 850 F.Supp. at 978 (stating without deciding that individual liability may be appropriate where an employer is bankrupt or where it is necessary to pierce the corporate veil); *see also Malone v. Chambers County Bd. of Com'rs*, 875 F.Supp. 773 (M.D.Ala.1994) (declining to create exception where employing entity was immune from punitive damage liability).

■ The exception for which Hamm is arguing is one based on the theory of agency. Hamm argues that Todd had at least partial supervisory authority over her in the areas of compensation, evaluations, scheduling, promotions, demotions, and terminations. According to Hamm, this supervisory role means that Todd is an agent of the employer, placing Todd within the Title VII definition of "employer" as "any agent" of the employer. *See* 42 U.S.C. § 2000e(b).

To the extent that Hamm is claiming that Todd may be sued as an individual merely because he was a supervisor of Hamm, her argument is unavailing. In the Eleventh Circuit, the statutory definition of "employer" has been interpreted to provide an avenue of liability based on the doctrine of *respondeat superior*, rather than to provide a method by which supervisors can be sued under Title VII. *See Mason v. Stallings*, 82 F.3d 1007 (11th Cir.1996). "[T]he significance of *Busby* is that even though Congress defined 'employer' to include 'any agent' ... this provision does not impose individual liability but only holds the employer accountable for the acts of its individual agents." *Dubisar–Dewberry v. Folmar*, 883 F.Supp. 648 (M.D.Ala.1995) (citation omitted). *See*

*also Kelley*, 923 F.Supp. at 1499 (in the Eleventh Circuit, "an agent of an employer may not be sued in his individual capacity under Title VII").

■ Under Eleventh Circuit precedent, "the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." *Cross*, 49 F.3d at 1504 (quoting *Busby*, 931 F.2d at 772).

Hamm argues, however, that there is a distinction to be made between employee-agents of the employer and third-party agents of the employer. According to Hamm, Eleventh Circuit cases prohibiting individual capacity suits only address agents of the employer who are also employees of the employer. *See eg. Bahadirli v. Domino's Pizza*, 873 F.Supp. 1528, n. 2 (M.D.Ala.1995) ("employee/agents may not be sued in their individual capacity under Title VII"). Hamm argues that individual capacity suits are allowed by the circuit when the individual is a third-party agent of the employer.

Hamm cites *Williams v. City of Montgomery*, 742 F.2d 586 (11th Cir.1984) (per curiam), as authority that third-party agents can be held individually liable. In *Williams*, a black fire fighter was fired for having committed a felony and was not reinstated, while white fire fighters who were discharged for committing felonies were reinstated. *Williams*, 742 F.2d at 588. The fire fighter who was not reinstated brought discrimination claims against the City and the Montgomery City–County Personnel Board. *Id.* The Board contended that it was not an employer within Title VII. *Id.* The court reasoned that where an employer has delegated some of its traditional rights, such as hiring and firing, to a third party, the third party has been found to be an employer through the agency relationship. *Id.* at 589 (citation omitted). The court pointed out that Alabama Act No. 2284 granted the Board rights traditionally reserved to the employer. *Id.* These rights included establishing a pay plan, formulating minimum standards for jobs, evaluating employees, and transferring, promoting, or demoting em-

ployees. *Id.* Consequently, the court held that the Board was an agent of the City for purposes of Title VII. *Id.*

To support the assertion that Todd is a third-party agent, Hamm alleges that Todd had asked that Hamm be terminated. Complaint at ¶ 16. Hamm then draws the inference that the changes made in her working schedule were due to Todd's request. However, Hamm also concedes that "Todd did not have the direct authority over her hiring and firing...." *Id.* at ¶ 35.

This court finds that, to the extent that *Williams* recognizes an exception by which individuals may be held liable under Title VII, the instant case does not present a factual situation which would fit that exception. First, the *Williams* court held that the Board could be held liable as an agent of the City in the Board's official capacity, not the members' individual capacities. In the instant case, Hamm seeks to hold Todd liable in his individual capacity. Second, Hamm has not alleged a sufficient delegation of rights to Todd to establish that Todd is an employer for Title VII purposes. Hamm has merely averred that Todd recommended that she be terminated. There is no allegation that Todd was delegated responsibility for deciding whether or not Hamm would be terminated nor any allegation that Todd had authority to decide Hamm's employment status or conditions. Merely recommending that Hamm be fired does not rise to the level of exercising rights traditionally reserved to the employer.

Given that Eleventh Circuit precedent is so strongly against recognizing individual liability under Title VII, this court declines to recognize an exception to that rule in this case. Accordingly, Hamm's claims against Todd in counts one, two, and three of the Complaint are due to be dismissed.

### C. Prayer for Relief

Todd argues that paragraph four of Hamm's prayer for relief must be dismissed because in it she requests reinstatement, backpay with interest, compensatory, punitive and/or nominal damages, and recovery for loss of seniority and pension benefits. To the extent that this prayer for relief relates to the claims against Todd in counts one, two and three, it is also dismissed.

### V. CONCLUSION

Because Hamm's claims against Todd in counts one, two, and three of the Complaint are brought against an individual and because the Eleventh Circuit does not recognize individual liability under Title VII, Hamm has failed to state a Title VII claim against Todd upon which relief may be granted. Therefore, Todd's Motion to Dismiss counts one, two, and three and paragraph four of the prayer for relief is ordered GRANTED.