Annie P. MOSS, et al., Plaintiffs,

v.

W & A CLEANERS, et al., Defendants.

No. Civ.A. 99–D–332–N.

United States District Court,
M.D. Alabama,
Northern Division.

April 27, 2000.

Maurice S. Bell, Montgomery, Al, David George Flack, Montgomery, AL, for Plaintiffs.

Terry Alan Sides, Robison & Belser, P.A., Montgomery, AL, for Defendants.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Defendants' Motion To Dismiss Plaintiffs' Amended Complaint ("Mot."), together with a Memorandum Brief ("Br."), both filed July 29, 1999. Plaintiffs filed a Response ("Resp.") on August 19, 1999. On August 26, 1999, Defendants filed a Reply. After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that Defendants' Motion To Dismiss is due to be granted in part and denied in part.

## JURISDICTION AND VENUE

The court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), 42 U.S.C. §§ 2000e to 2000e–17 (Title VII of the Civil Rights Act of 1964, as amended) ("Title VII"), and 42 U.S.C. § 1981 (Civil Rights Act of 1866, as amended) (" § 1981"). The Parties do not contest personal jurisdiction or venue.

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. See FED. R.CIV.P. 12(b)(6). A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. See, e.g., United States v. Gaubert, 499 U.S. 315, 327, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991); Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir.1990). Moreover, all factual allegations are to be construed in the light most favorable to the plaintiff. See, e.g., Brower v. County of Inyo, 489 U.S. 593, 598, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." In re Johannessen, 76 F.3d 347, 349 (11th Cir. 1996) (quoting Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

## BACKGROUND

In this action, Plaintiffs bring claims against their former employer, W & A Cleaners, L.L.C. ("W & A"), and its agents, alleging race discrimination in violation of Title VII and § 1981. The eight Plaintiffs, all of whom are black females, are Annie P. Moss, Tiffony Ruth, Evelyn

Tolliver, Felicia Trimble, Lori Wheeler, Patricia Wheeler, Elaine Williams and Louise Williams. (Am.Compl.¶¶ 5–12.) In addition to naming W & A as a Defendant, Plaintiffs sued Wayne Carden and Allie Carden, the owners of W & A, as well as Al Haney ("Haney"), W & A's manager.[1] (*Id.* ¶¶ 13A, 13B, 13C.)

Plaintiffs allege that, during their employment at W & A, Defendants subjected them to race discrimination in the terms and conditions of their employment, which ultimately culminated in their terminations on March 23, 1998. (*Id.* at 5–11.) Specifically, Plaintiffs allege that Allie Carden "used racial slurs in the presence of a number of the black employees" and that black employees, including Plaintiffs, were denied pay raises and promotions. (*Id.* at 5–6.)

Further, Plaintiffs contend that Wayne Carden restricted black employees to working in the "back" room, "where the cleaning and pressing process is undertaken" and which is "not air conditioned." (*Id.* at 6.) According to Plaintiffs, Wayne Carden would not allow Plaintiffs to work "in the air conditioned front of the business" because he said that black employees " 'can take the heat better' " in the "back" room. (*Id.*)

Finally, Plaintiffs contend that, on March 23, 1998, after Plaintiffs had "repeatedly stated that the owners were mistreating them in a discriminatory fashion," Haney fired all of the black employees, including Plaintiffs. (*Id.* at 8.) In sum, Plaintiffs "aver that they were subjected to poor working conditions, refused promotions and finally terminated because of their race ... when they protested the discriminatory actions of [ ] Defendants." (*Id.*)

Plaintiffs' Amended Complaint contains four counts. In Counts 1 and 3, Plaintiffs allege that Defendants "discriminated against them because of their race," in violation of Title VII and § 1981. (*Id.* at

9–10.) In Counts 2 and 4, Plaintiffs assert that, in violation of Title VII and § 1981, Defendants retaliated against them based on their "protest against race discrimination," involvement in "activities" with Equal Employment Opportunity Commission ("EEOC"), and "assertion" of "rights" under § 1981. (*Id.* at 10–11.)

Plaintiffs seek a declaratory judgment, injunctive relief, reinstatement, promotions, compensatory damages, punitive damages in the amount of $100,000.00, costs and attorney's fees. (*Id.* at 11–13.) Plaintiffs also demand a trial by jury. (*Id.* at 1.)

## DISCUSSION

Defendants challenge the legal sufficiency of each count in Plaintiffs' Amended Complaint. The court addresses each of Defendants' arguments separately below.

### I. Title VII And The Timeliness Of Plaintiffs' EEOC Charges (Counts 1 and 2)

In Counts 1 and 2, Plaintiffs bring claims under Title VII. Title VII provides, in pertinent part, that "[i]t shall be an unlawful employment practice for an employer ... to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race...." 42 U.S.C. § 2000e–2(a)(1).

Pursuant to Rule 12(b)(1), Defendants move the court to dismiss Plaintiffs' Title VII claims and advance two arguments in support of their contention. *See* FED. R.CIV.P. 12(b)(1). First, Defendants assert that Plaintiffs failed to file charges with the EEOC within 180 days of the alleged discriminatory action as required by statute, 42 U.S.C. § 2000e–5(e). (Mot. ¶ 1; Br. at 6–7.) Thus, Defendants assert that Plaintiffs failed to exhaust their Title VII administrative remedies. (*Id.*) Second, assuming *arguendo* that Plaintiffs timely

---

1. The court refers to Wayne Carden, Allie Carden and Haney collectively as the "individual Defendants." The court's references to

"Defendants" includes the individual Defendants and W & A.

filed their EEOC charges, Defendants argue that Plaintiffs are "precluded from recovering for any alleged discriminatory acts by [ ][D]efendants which occurred prior to March 23, 1998." (Mot.¶ 2.) Further, in ruling on their timeliness argument, Defendants ask the court to consider evidence outside the pleadings and convert their Motion to one for summary judgment. (Br. at 10, Exs. 1–11.)

In response, Plaintiffs argue, in part, that a "question" exists "as to whether the EEOC received the filing of ... Plaintiffs' charges in May or June of 1998"[2] and that, in any event, equitable tolling saves their claims. (Resp. at 11–15.) While Plaintiffs have submitted evidence in opposing Defendants' Motion To Dismiss, Plaintiffs urge the court not to treat Defendants' Motion as one for summary judgment until Plaintiffs have conducted discovery. (*Id.* at 2, 4–7.) In support of this contention, Plaintiffs point out that a scheduling order has not been entered in this case. (*Id.* at 10–12); *see also* M.D.Ala.LR 26.2(a) ("Unless otherwise ordered by the court, a party may not seek discovery from any source until after the scheduling order is entered under Fed. R.Civ.P. 16(b)."). Thus, Plaintiffs contend that they have not had an adequate opportunity to conduct discovery in order to fully respond to Defendants' contention that Plaintiffs failed to exhaust their administrative remedies.[3] (Resp. at 1–12.)

■ Before addressing Defendants' timeliness argument, the court must determine the appropriate standard of review. Although not raised by the Parties, the court first examines the propriety of examining Defendants' Motion To Dismiss under Rule 12(b)(1), as opposed to Rule 12(b)(6). *See* FED.R.CIV.P. 12(b)(1) & (b)(6); *See Anjelino v. The New York Times Co.*, 200 F.3d 73, 87 (3d Cir.1999) ("There is a fundamental difference between review under Rule 12(b)(1), where existence of disputed material facts will not preclude the court from evaluating the merits of the jurisdictional claim, ... and review under Rule 12(b)(6), where the court is required to accept as true all the allegations of the complaint and all inferences arising from them."). Because the failure to exhaust Title VII administrative remedies is a condition precedent, rather than a jurisdictional prerequisite, the court finds that scrutiny under Rule 12(b)(1) is not appropriate. Instead, a motion to dismiss based on a plaintiff's failure to timely file an EEOC charge should be analyzed pursuant to Rule 12(b)(6). *See Pinkard v. Pullman–Standard*, 678 F.2d 1211, 1215 (5th Cir. Unit B 1982);[4] *Fouche v. Jekyll Island–State Park Authority*, 713 F.2d 1518, 1524 (11th Cir.1983) ("[A]ll Title VII procedural requirements to suit are henceforth to be viewed as conditions precedent to suit rather than as jurisdictional requirements."); *Espinoza v. Missouri Pacific Railway Co.*, 754 F.2d 1247, 1249 n. 1 (5th Cir.1985).[5]

In determining that the court should proceed under Rule 12(b)(6), the court

---

**2.** Seven of the eight Plaintiffs assert that they filed duplicate charges with the EEOC, once in May or June of 1998, and again in September 1998. (Resp. at 8, Exs. 1–7.) Based on the documents in the record, it appears that the eighth Plaintiff, Annie P. Moss, filed an EEOC charge only in September 1998. (Br., Ex. 7.)

**3.** The court notes that, because a Rule 16 Order has not been issued, Plaintiffs also filed a Motion To Allow Limited Discovery. In light of the court's ruling in this Memorandum Opinion And Order, the court is contemporaneously entering a separate order denying as moot Plaintiffs' Motion To Allow Limited Discovery.

**4.** In *Stein v. Reynolds Securities, Inc.*, the Eleventh Circuit adopted as binding precedent all post-September 30, 1981 decisions of a Unit B panel of the former Fifth Circuit. *See* 667 F.2d 33, 34 (11th Cir.1982).

**5.** *See also Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir.1997) (holding that, under Title VII, "[t]imeliness of exhaustion requirements are best resolved under Rule 12(b)(6) covering motions to dismiss for failure to state a claim"); *Howell v. Department of the Army*, 975 F.Supp. 1293, 1301 (M.D.Ala.) ("[F]ailure to meet [an EEOC] filing deadline constitutes failure to state a claim for purposes of a motion to dismiss under Rule 12(b)(6) of the

must now decide whether to convert Defendants' Motion To Dismiss to one for summary judgment. Under Rule 12(b)(6), where the Parties have presented "matters outside the pleadings," the court in its discretion may treat a Rule 12(b)(6) motion as a motion·for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. FED.R.CIV.P. 12(b), 56; *see also Jones v. Automobile Ins. Co. of Hartford, Conn.*, 917 F.2d 1528, 1532 (11th Cir.1990).

After careful consideration of the Parties' arguments, the court declines to treat Defendants' Motion To Dismiss under the Rule 56 standard. *See* FED.R.CIV.P. 12(b)(6), 56. At this early stage of the proceedings, the court finds that it would be more appropriate to enter a scheduling order and allow the Parties to conduct discovery. Once Plaintiffs have conducted discovery, as requested, the court will revisit the timeliness issue if raised by Defendants in a properly supported motion for summary judgment.[6]

Thus, in evaluating whether Plaintiffs have satisfied Title VII's exhaustion requirement, the court will treat Defendants' Motion To Dismiss as a motion under Rule 12(b)(6), not Rule 56. *See* FED.R.CIV.P. 12(b)(6), 56. Consequently, the highly deferential standard of *Conley* applies, requiring the court to view the allegations of Plaintiffs' Amended Complaint as true and in the light most favorable to Plaintiffs.

Federal Rules of Civil Procedure."), *aff'd*, 130 F.3d 445 (11th Cir.1997).

6. In permitting discovery, the court has not overlooked Defendants' arguments that equitable tolling does not apply to the facts of this case and that Defendants have received documentation from the EEOC, which does not contain any information surrounding communications by Plaintiffs with the EEOC prior to September 1998. However, because the Local Rules prohibit discovery prior to the issuance of a scheduling order, the court will not penalize Plaintiffs for their adherence to this Local Rule. *See* M.D.Ala.LR 26.2(a). Rather, in the interest of justice, the court finds that Plaintiffs should be allowed to conduct discovery pertaining to the filing of their EEOC charges and other alleged contacts with the EEOC.

*See* 355 U.S. at 45–46, 78 S.Ct. 99. To withstand Defendants' Motion To Dismiss, Plaintiffs' Amended Complaint must contain allegations establishing that they timely exhausted their Title VII administrative remedies. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

■ The administrative prerequisite challenged by Defendants is whether Plaintiffs timely filed EEOC charges. An EEOC charge "must be filed with the EEOC within 180 days of the date of the act giving rise to the charge" before a plaintiff may bring a claim for judicial relief. *Calloway v. Partners Nat'l Health Plans*, 986 F.2d 446, 448 (11th Cir.1993) (citing 42 U.S.C. § 2000e–5(e)). If a plaintiff does not file before this time elapses, then he or she fails to exhaust Title VII's administrative remedies, and the plaintiff is procedurally barred from bringing· a lawsuit in court.[7] *See Delaware State College v. Ricks*, 449 U.S. 250, 256, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980); *Everett v. Cobb County Sch. Dist.*, 138 F.3d 1407, 1410 (11th Cir.1998).

■ The court now examines Plaintiffs' Amended Complaint to determine whether the allegations therein are sufficient to survive Defendants' Motion To Dismiss. *See Milburn v. United States*, 734 F.2d 762, 765 (11th Cir.1984) (holding that

Furthermore, the court realizes that a dispute also exists as to whether Plaintiffs' EEOC charges filed in September 1998 are timely based upon either the date the charges are deemed filed or upon equitable tolling. However, resolution of the latter issues involves consideration of facts outside the pleadings. Thus, as stated above, after discovery has been conducted, the court will address the timeliness of the filing of Plaintiffs' EEOC charges if necessary and if raised in a motion for summary judgment.

7. The court notes that, as argued by Plaintiffs, the Supreme Court has recognized that the filing of a timely EEOC charge is "a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982).

"[c]onsideration of matters beyond the complaint is improper in the context of a motion to dismiss"). Plaintiffs have alleged that "[a]ll conditions precedent to institution of the suit ... have either occurred or have been complied with, to-wit: A charge of employment discrimination was filed with the [EEOC] within 180 days of the commission of the unfair employment practice." (Am.Compl. at 2.) Based on these allegations, which the court deems as true, the court finds that Plaintiffs sufficiently pleaded that they complied with Title VII's 180–day filing requirement. Accordingly, the court finds that Defendants' Motion To Dismiss on the ground that Plaintiffs failed to exhaust their Title VII administrative remedies is due to be denied without prejudice to their seeking relief by way of motion for summary judgment, if appropriate.

## II. Individual Liability Under Title VII (Counts 1 and 2)

Defendants assert that Wayne Carden, Allie Carden and Haney cannot be held liable in their individual capacities because in the Eleventh Circuit individual capacity lawsuits under Title VII are disallowed. (Mot. ¶ 2; Br. at 29; Reply at 18–19.) Further, because Plaintiffs have sued W & A under Title VII, Defendants contend that Plaintiffs' Title VII claims against the individual Defendants in their official capacities are redundant and, thus, unnecessary. (Mot. ¶ 6; Br. at 40.) Accordingly, the individual Defendants assert that Plaintiffs' Title VII claims against them in Counts 1 and 2 are due to be dismissed.

In response and without citing any authority, Plaintiffs argue that Wayne Carden and Allie Carden can be held individually liable under Title VII because they, as owners, are in essence the "employer" within the meaning of Title VII. (Resp. at 15–16.) Plaintiffs have not addressed Defendants' argument pertaining to Haney. For the following two reasons, the court agrees with Defendants.

■ First, in the Eleventh Circuit, a plaintiff may not bring a Title VII claim against an employer's agent in his or her individual capacity.[8] *See Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir.1991) (holding that "individual capacity suits under Title VII are ... inappropriate"); *see also Cross v. Alabama Dep't of Mental Health & Mental Retardation,* 49 F.3d 1490, 1504 (11th Cir.1995) (affirming the *Busby* holding in an action brought after the 1991 amendments to Title VII; holding that liability under Title VII is limited to official-capacity actions). Accordingly, the court finds Plaintiffs' Title VII claims in Counts 1 and 2 against Wayne Carden, Allie Carden and Haney in their individual capacities are due to be dismissed.[9]

**8.** Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees ... and any agent of such a person[.]" 42 U.S.C. § 2000e(b). The Eleventh Circuit has established that the reference to an employer's agent serves to establish repondeat superior liability and not individual liability of agents. *See Mason v. Stallings,* 82 F.3d 1007, 1009 (11th Cir.1996); *see also Mills v. Wex–Tex Indus., Inc.,* 991 F.Supp. 1370, 1379 (M.D.Ala.1997).

**9.** In finding that a Title VII lawsuit against Wayne Carden and Allie Carden is inappropriate, the court recognizes that cases in this district have noted that "two possible situations" exist "in which a denial of individual liability [under Title VII] might make a practical difference—where an employer goes bankrupt and where it is necessary to 'pierce the corporate veil' to gain access to the assets of an individual owner, officer, or director." *Smith v. Capitol City Club of Montgomery,* 850 F.Supp. 976, 981 (M.D.Ala.1994); *see also Hamm v. Lakeview Community Hosp.,* 950 F.Supp. 330, 333 (M.D.Ala.1996). *But see EEOC v. AIC Security Investigations, Ltd.,* 55 F.3d 1276, 1281 n. 11 (7th Cir.1995) (In a case brought under the Americans with Disabilities Act, which contains a definition of "employer" similar to Title VII's definition, the Seventh Circuit noted as follows: "[W]e see no good reason why it should make any difference for our analysis whether [the owner] was [the employer's] alter ego. [The owner] might be effectively liable if the corporate veil were pierced, and as sole shareholder she will necessarily absorb the pinch for [the employer's] liability, but as to her individual capacity liability it does not matter even if she was [the employer's] alter ego.").

■ Second, while official-capacity suits against an employer's agents are proper, such suits are unnecessary where a plaintiff has also sued the employer. In other words, if a Title VII plaintiff names his or her employer as a defendant, any of the employer's agents also named in the complaint may be dismissed from the action. *See Marshall v. Miller*, 873 F.Supp. 628, 632 (M.D.Fla.1995). Because Plaintiffs bring their Title VII claims against W & A, the court finds that their Title VII claims in Counts 1 and 2 against Wayne Carden, Allie Carden and Haney in their official capacities are redundant and unnecessary and, thus, are due to be dismissed.

### III. Individual Liability Under § 1981 (Counts 3 and 4)

Defendants assert that Plaintiffs' § 1981 claims against the individual Defendants should be dismissed for the same reasons courts disallow individual liability suits under Title VII. (Mot. ¶ 6; Br. at 40; Reply at 27.) Specifically, Defendants argue that, because "Title VII and § 1981 are so inextricably intertwined," the "reasons supporting a dismissal of a Title VII claim also dictate a dismissal of a corresponding § 1981 claim." (Br. at 40.) In response, Plaintiffs assert that "a § 1981 action is aimed at the individual who is discriminating based on race...." (Resp. at 4, 23.) Although neither Defendants nor Plaintiffs have cited any authority in support of their opposing arguments, the court agrees with Plaintiffs for the following reasons.

■ Contrary to Title VII, "individual employees can be held liable for discrimination under § 1981." *Leige v. Capitol*

*Chevrolet, Inc.*, 895 F.Supp. 289, 293 (M.D.Ala.1995). "Supervisors with the capacity to hire and fire or those who can recommend such decisions are subject to liability under § 1981." *Id.* (citing *Faraca v. Clements*, 506 F.2d 956, 959 (5th Cir. 1975)). While not elaborated upon in *Leige*, the reason for rejecting an argument that § 1981 should be analyzed in the same manner as Title VII lies in the statutory distinctions between the two statutes. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir.1995) (stating that the "significant differences in the statutory enforcement mechanism, coverage, and remedial provisions of Section 1981, as distinguished from Title VII, reveal that the breadth of one statute provides no support for divining the intent of Congress in limiting the coverage of the other"). Namely, as discussed in the preceding section, Title VII claims against an employer's agents are inappropriate because agents are not "employers" within the meaning of Title VII. *See* 42 U.S.C. § 2000e–2(a). However, § 1981 does not contain a similar requirement limiting liability to "employers." *See Board of Educ. v. Illinois State Bd. of Educ.*, 979 F.Supp. 1203 (N.D.Ill.1997) (finding that "the rationale for rejecting individual liability under Title VII is driven by the statute's language" restricting liability to "employers"; however, "[n]o similar statutory limitation o[n] the reach of § 1981 liability exists.").

Based on the foregoing, the court finds that Plaintiffs may proceed against the individual Defendants under § 1981. Accordingly, the court finds that Defendants' Motion To Dismiss Plaintiffs' § 1981

---

However, the court need not decide whether in the Eleventh Circuit the potential exceptions discussed in *Smith* and *Hamm* are appropriate, because there are no facts in the Amended Complaint indicating that W & A is insolvent or that Wayne Carden and Allie Carden have disregarded the corporate form of W & A. *See Conley v. Bostic*, 1993 WL 741854 *13 (N.D.Ga.1993); *see also M & M Wholesale Florist, Inc. v. Emmons*, 600 So.2d 998, 999–1000 (Ala.1992) (setting forth the factors a court should consider in deciding

whether to pierce the corporate veil). Thus, the suggested exceptions discussed in *Smith* and *Hamm* are not present in this case. Additionally, the court notes that its ruling that Wayne Carden and Allie Carden may not be held individually liable under Title VII does not affect Plaintiffs' ability to recover from W & A for the alleged discriminatory actions of the Cardens. *See Saville v. Houston County Healthcare Auth.*, 852 F.Supp. 1512, 1525 (M.D.Ala.1994).

claims in Counts 3 and 4 against Wayne Carden, Allie Carden and Haney is due to be denied.

### IV. Plaintiffs' Standing Under § 1981 (Counts 3 and 4)

Defendants argue that Plaintiffs' § 1981 counts "fail to state a claim upon which relief may be granted, because [ ][P]laintiffs were at-will employees of [W & A]." (Mot. ¶ 3; Br. at 34–35; Reply at 23–26.) Defendants assert that "to be cognizable" under § 1981, a claim must "be based on a contractual relationship" between the aggrieved employee and the employer. (Br. at 35.) Because Plaintiffs have not alleged in their Amended Complaint that a "contractual relationship existed" between them and W & A, Defendants contend that Plaintiffs lack standing to bring a claim under § 1981. (Br. at 35–36.)

As Defendants concede, this issue has not been resolved in the Eleventh Circuit but "another judge of this Court has opined that at-will employees do have standing to sue under § 1981." (Br. at 37, citing *Faulk v. Home Oil Co.*, 184 F.R.D. 645, 652–53 (M.D.Ala.1999) (Albritton, J.)). However, Defendants urge the court to adopt the "suggest[ion]" in *Gonzalez v. Ingersoll Milling Machine Co.*, 133 F.3d 1025, 1033–35 (7th Cir.1998), and the finding in *Moorer v. Grumman Aerospace Corp.*, 964 F.Supp. 665, 675–76 (E.D.N.Y. 1997), that at-will employees cannot sustain a § 1981 claim. (*Id.* at 37–38.)

■ On the other hand, Plaintiffs assert that the court should follow the Fourth and Fifth Circuits, which support Plaintiffs' position that "race discrimination in a termination of an at-will employment contract" is actionable under § 1981. (Resp. at 18, citing *Spriggs v. Diamond Auto Glass*, 165 F.3d 1015, 1018 (4th Cir.1999), and *Fadeyi v. Planned Parenthood Assoc. of Lubbock, Inc.*, 160 F.3d 1048, 1048–1052 (5th Cir.1998)). For the following reasons, the court agrees with Plaintiffs.

As stated above, the Eleventh Circuit has not ruled on whether at-will employees have standing to sue under § 1981. *See Bishop v. Avera*, 177 F.3d 1233, 1235–36 (11th Cir.1999). In *Bishop*, the Eleventh Circuit noted that, "[w]hile there is ample caselaw on both sides" of the issue concerning whether at-will employees can bring a claim under § 1981,[10] "there is no Supreme Court or Eleventh Circuit precedent on point." *Id.* (footnotes omitted).

The court has carefully examined the cases cited by the Parties in support of their respective positions. After due consideration, the court agrees with the reasoning espoused by those courts which have concluded that at-will employees can maintain a cause of action under § 1981. *See Perry v. Woodward*, 199 F.3d 1126, 1134 (10th Cir.1999); *Fadeyi*, 160 F.3d at 1048–1052; *Spriggs*, 165 F.3d at 1018; *Faulk*, 184 F.R.D. at 652–53. Thus, the court finds that Defendants' Motion To Dismiss Plaintiffs' claims in Counts 3 and 4 on the ground that Plaintiffs, as at-will employees, lack standing to sue under § 1981 is due to be denied.

### V. Plaintiffs' § 1981 Claims And The Statute Of Limitations

Defendants assert that the two-year statute of limitations bars Plaintiffs from seeking relief under § 1981 for "alleged acts of race discrimination which occurred more than two years prior to the filing of their initial complaint on April 2, 1999." (Mot. ¶ 5; Reply at 27); *see Malone v. K-Mart Corp.*, 51 F.Supp.2d 1287, 1304 (M.D.Ala.1999) ("The statute of limitations for claims brought pursuant to 42 U.S.C. § 1981 is equal to the state statute of limitations for personal injury claims, which in Alabama is two years."). In response, Plaintiffs assert that they are not seeking relief under § 1981 for any acts arising prior to April 2, 1997. (Resp. at 22.) Rather, they state as follows: "The portions of the complaint as to the acts of

10. This issue was not before the court in *Bishop,* the only question being whether the law governing claims under § 1981 was clearly established for purposes of determining the applicability of qualified immunity. *Id.* at 1236.

the individual defendants that occur[red] prior to April 2, 1997 are background information and are for the purpose of showing the intent to discriminate." (*Id.*) Based on Plaintiffs' concession, the court finds that Defendants' Motion To Dismiss on this ground is due to be granted.

### VI. Plaintiffs' Retaliation Claims Under Title VII And § 1981 (Counts 2 and 4)

In Counts 2 and 4, Plaintiffs allege that Defendants retaliated against them, culminating in their discharge, because they "protested" the racially "discriminatory actions" of Defendants. Plaintiffs aver that these facts give rise to violations of Title VII and § 1981. (Am.Compl. at 8, 10–11, 23–24.) In moving for dismissal of Plaintiffs' retaliation claims, Defendants raise two arguments. First, Defendants argue that, because Plaintiffs filed their EEOC charges *after* they were terminated, Defendants could not have fired them in retaliation for Plaintiffs having filed EEOC charges. Second, Defendants assert that, other than "legalese and other general averments," Plaintiffs' Amended Complaint is devoid of any facts that Plaintiffs engaged in protected expression *prior to* their terminations on March 23, 1998. (Mot. ¶¶ 2, 4; Br. at 31–32.)

In response, Plaintiffs acknowledge that their retaliation claims are not based on the filing of the their EEOC charges. Rather, Plaintiffs argue that the protected expression upon which they rely are their protests of racial discrimination prior to and up to their terminations. Further, Plaintiffs assert that, under "notice pleading," their Amended Complaint adequately alleges that they "protested the discriminatory policies and acts of Defendants on March 23, 1998," the date of their terminations, "as well as prior to that date." (Resp. at 3, 22.) For the reasons that follow, the court agrees with Plaintiffs.

Plaintiffs bring their retaliation claims under both Title VII and § 1981. Title VII's anti-retaliation provision provides as follows:

It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e–3(a). Although § 1981 does not specifically reference retaliation, the Eleventh Circuit has concluded that Title VII's retaliation prohibition applies to claims brought under § 1981, at least where the protected activity involves a challenge to an employer's alleged racially discriminatory practices. *See Andrews v. Lakeshore Rehabilitation Hosp.*, 140 F.3d 1405, 1409–13 (11th Cir.1998).

Defendants are correct that, to allege a claim of retaliation under Title VII and § 1981, one element a plaintiff must plead is that he or she engaged in "statutorily protected expression." *Donnellon v. Fruehauf Corp.*, 794 F.2d 598, 600–601 (11th Cir.1986); *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998) (explaining that Title VII and § 1981 "have the same requirements of proof and use the same analytical framework...."). However, contrary to Defendants' assertion, the court finds that Plaintiffs have satisfactorily pleaded this element. Namely, Plaintiffs specifically allege that they were fired because they protested and made complaints about Defendants' discriminatory employment practices against black employees. (Am.Compl. at 8.) The court notes that an employee who voices concerns about racial discrimination to his or her superiors engages in "statutorily protected expression." *See Holifield v. Reno*, 115 F.3d 1555 (11th Cir.1997). Based on *Holifield*, the court finds that Plaintiffs' allegation is sufficient to overcome Defendants' Motion To Dismiss.

The court emphasizes that the paramount rule in evaluating a motion to dismiss is that a complaint need only contain

a "short and plain" statement of the claim advanced by the plaintiff. FED.R.CIV.P. 8. Viewing the allegations in the Amended Complaint in their totality, the court finds that Plaintiffs have satisfied their burden under Rule 8 of the Federal Rules of Civil Procedure in pleading that they engaged in statutorily protected expression. Accordingly, the court finds that Defendants' Motion To Dismiss Plaintiffs' retaliation claims in Counts 2 and 4 is due to be denied.

### VII. Plaintiffs' § 1981 Claims Against Haney (Counts 3 and 4)

■ Defendants assert that Plaintiffs' § 1981 claims in Counts 3 and 4 against Haney "fail to state a claim upon which relief may be granted, because [ ][P]laintiffs have failed to charge Haney himself with any specific, identifiable wrongdoing or acts of race discrimination." (Mot.¶ 7.) The court rejects this argument. Viewing all inferences in the light most favorable to Plaintiffs, the court finds that Plaintiffs' allegations, particularly in ¶ 23 of the Amended Complaint, at least infer that Haney fired Plaintiffs because they were black and in retaliation for complaining to him about alleged racial discrimination. (Am.Compl.¶ 23.) The court finds that the allegations in ¶ 23, when read in conjunction with Plaintiffs' averments in Counts 3 and 4, are sufficient under notice pleading to state a claim for relief. See FED. R.CIV. 8. Accordingly, the court finds that Defendants' Motion To Dismiss Plaintiffs' § 1981 claims in Counts 3 and 4 against Haney is due to be denied.

### ORDER

Based on the foregoing, it is CONSIDERED and ORDERED that Defendants' Motion To Dismiss be and the same is hereby DENIED in part and GRANTED in part as follows:

(1) Defendants' Motion To Dismiss Plaintiffs' Title VII claims in Counts 1 and 2 on the ground that Plaintiffs have failed to exhaust their administrative remedies under Title VII be and the same is hereby DENIED without prejudice to their seeking relief by way of motion for summary judgment at the appropriate time.

(2) Defendants' Motion To Dismiss Plaintiffs' Title VII claims in Counts 1 and 2 against Wayne Carden, Allie Carden and Al Haney in their individual and official capacities be and the same is hereby GRANTED and Plaintiffs' Title VII claims in Counts 1 and 2 against Wayne Carden, Allie Carden and Al Haney be and the same are hereby DISMISSED WITH PREJUDICE.

(3) Defendants' Motion To Dismiss Plaintiffs' § 1981 claims in Counts 3 and 4 against Wayne Carden, Allie Carden and Al Haney be and the same is hereby DENIED.

(4) Defendants' Motion To Dismiss Plaintiffs' § 1981 claims in Counts 3 and 4 on the ground that Plaintiffs, as at-will employees, lack standing to sue be and the same is hereby DENIED.

(5) Defendants' Motion To Dismiss on the ground that alleged discriminatory acts arising more than two years prior to the filing of this action are barred by the statute of limitations and, thus, cannot be relied upon by Plaintiffs in support of their § 1981 claims (Counts 3 and 4) be and the same is hereby GRANTED.

(6) Defendants' Motion To Dismiss Plaintiffs' Title VII and § 1981 claims in Counts 2 and 4 for failure to state a claim be and the same is hereby DENIED.

(7) Defendants' Motion To Dismiss Plaintiffs' § 1981 claims in Counts 3 and 4 against Al Haney be and the same is hereby DENIED.