**Steven PEOPLES, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., Defendants.**

**Civil Action No. 1:08–CV–0192–CC.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Feb. 11, 2009.

---

Robert A. Preston, Jr., Law Office of Robert A. Preston, Jr., Roswell, GA, for Plaintiff.

Robert David Powell, Office of United States Attorney, Northern District of Georgia, Atlanta, GA, for Defendants.

## ORDER

CLARENCE COOPER, District Judge.

This matter is presently before the Court on Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment [Doc. No. 12]. Defendants argue that Plaintiff lacks standing to pursue this action and that Plaintiff's Complaint fails to state a claim of relief. For the reasons stated herein, Defendants' motion is due to be granted.

## I. MOTION TO DISMISS

### A. STANDARD OF REVIEW

#### 1. Standing

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move for dismissal on the grounds that a court lacks subject matter jurisdiction. Rule 12(b)(1) motions may involve facial or factual attacks on subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525 (11th Cir. 1990) (per curiam). Facial attacks "require [that] the court merely look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [the] complaint are taken as true for the purposes of the motion." *Id.* at 1529 (citations and internal marks omitted). By contrast, factual attacks "challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (citations and internal marks omitted). The instant motion raises a facial attack on this Court's subject matter jurisdiction, and the Court will there-

fore review the Complaint [Doc. No. 1] to determine whether Mr. Peoples has sufficiently alleged standing.

To establish that he has standing to pursue this action, Mr. Peoples must show that (1) he has "suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical," (2) "the injury is fairly traceable to Defendant's actions," and (3) "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180–81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000). Mr. Peoples bears the burden of alleging and proving facts sufficient to support standing. *White's Place, Inc. v. Glover*, 222 F.3d 1327 (11th Cir.2000).

### 2. Failure to State a Claim

A defendant may seek to dismiss a complaint for failure to state a claim upon which relief can be granted. While detailed factual allegations are not required in order to withstand a motion to dismiss under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007).[1] The complaint must allege facts sufficient "to raise a right to relief above the speculative level." *Id.* at 1965. "In evaluating such a motion, [the

court] accept[s] the factual allegations in the complaint as true and ... construe[s] them in the light most favorable to the plaintiff." *75 Acres, L.L.C. v. Miami–Dade County*, 338 F.3d 1288, 1293 (11th Cir.2003) (citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir.2003)). The Court evaluates the plausibility of the grounds pleaded in support of the claims for relief, rather than either their possibility or probability. *See Twombly*, 127 S.Ct. at 1965, 1966. A court evaluating a Rule 12(b)(6) motion may not consider matters outside the pleadings unless the court treats the motion to dismiss as a motion for summary judgment under Federal Rule of Civil Procedure 56 and gives all parties "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b); *see also Moss v. W & A Cleaners*, 111 F.Supp.2d 1181, 1185 (M.D.Ala.2000). The court may, however, consider documents attached to the complaint and documents referenced in the complaint that are central to the plaintiff's claims. *See Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364 (11th Cir.1997).

## II. BACKGROUND

Plaintiff filed this action on January 17, 2008, "challeng[ing] the National Cancer Institute's refusal to recommend Spiral CT screening for the early detection of lung cancer." (Cmplt.[Doc. No. 1], p. 1.) Although Plaintiff's Complaint does not include separate counts or claims for relief,

---

**1.** In *Twombly*, the United States Supreme Court rejected the frequently-quoted "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (stating that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief"), explaining that "[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969.

Plaintiff identifies his claim as falling under the Administrative Procedure Act.

Plaintiff is fifty-one years old. He told his physician that he has smoked one pack of cigarettes each day for the past thirty years, and he requested that the physician order a Spiral Computed Tomography ("Spiral CT") for early detection of lung cancer. Plaintiff's physician informed Plaintiff that the Spiral CT would not be covered by insurance because the National Cancer Institute ("NCI") does not recommend Spiral CT's for the detection of lung cancer.

Plaintiff submits that lung cancer is the leading cause of cancer-related deaths in the United States and that the death rate from lung cancer has not declined. Plaintiff alleges that the survival rate of lung cancer is directly related to early diagnosis, when the patient may not exhibit any symptoms. Quality of life is a critical factor in determining survival.

When detected, lung cancer has spread outside the lung in fifteen to thirty percent of cases. Spiral CT can detect tumors well under one centimeter in size while chest X-ray detects tumors one to two centimeters in size. Conventional wisdom suggests that the smaller the tumor, the more likely the chance of survival; however, there is currently no scientific evidence showing that early screening for lung cancer saves lives.

The NCI agrees that both Spiral CTs and X-rays have been used to detect lung cancer; however, it is the NCI's position that neither has been shown to reduce a person's chance of dying from lung cancer. NCI contends that the Lung Cancer RCT (randomized control trial), a randomized controlled research study, is needed to compare the two ways of detecting lung cancer to determine if there is a twenty percent or greater drop in lung cancer mortality resulting from using Spiral CT compared to X-ray. NCI takes the position that the Lung Cancer RCT will provide evidence needed to determine if Spiral CTs are better than X-rays at reducing mortality. The Lung Cancer RCT has enrolled 50,000 current and former smokers who will be randomly assigned to receive either a chest X-ray or a Spiral CT once a year for three years.

A large observational Spiral CT study published in October 2006 shows that using Spiral CTs to screen people at risk for lung cancer can detect the disease at an early stage and may increase the number of people who can be cured. Among participants in the study who received a diagnosis of lung cancer based on Spiral CT screening and a resulting biopsy, eighty-five percent have stage one lung cancer, with an estimated ten year survival rate of eighty-eight percent. Very few patients in the study have been followed for ten years. The NCI takes the position that the October 2006 study does not make it possible to determine whether CT screening actually decreases mortality. On March 6, 2007, the NCI published findings of another observational Spiral CT study that found no decrease in the number of advanced cases of lung cancer or lung cancer deaths. The NCI concluded that the reason for the discrepancy between the two studies was that the first study used survival as a measure of outcome while the second used mortality. The NCI contends that these findings underscore the need for a prospective trial to address the question of mortality.

Plaintiff contends that the NCI's failure to recommend Spiral CT screening to detect lung cancer is arbitrary, capricious,

and a breach of its mandatory duty. Plaintiff argues that the NCI's reliance on RCTs to measure possible mortality benefits is improper and has been rejected in other contexts. Plaintiff takes the position that the NCI has failed to consider quality of life and other aspects of early detection and treatment. Plaintiff submits that when Defendants recommend Spiral CT screening, it will become the standard of care and Plaintiff's insurance company must pay for the screening. Plaintiff seeks injunctive and declaratory relief requiring Defendants to recommend Spiral CT screening for early detection of lung cancer.

## III. ANALYSIS

■ The Court first considers Defendants' argument that Plaintiff lacks standing. Plaintiff's Complaint does not make any specific standing allegations; instead, Plaintiff merely submits that he has standing. (Cmplt. at p. 1.) This Court disagrees.

■ As previously noted, to establish that he has standing to pursue this action, Mr. Peoples must show that (1) he has "suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical," (2) "the injury is fairly traceable to Defendant's actions," and (3) "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.,* 528 U.S. 167, 180–81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000). Article III of the United States Constitution limits the jurisdiction of the federal courts to "cases" and "controversies." U.S. Const. Art. III § 2. "[A] plaintiff without an injury in fact lacks Article III standing, and the federal courts

do not have jurisdiction over his or her complaint." *Stalley v. Orlando Reg'l Healthcare Sys.,* 524 F.3d 1229, 1232 (11th Cir.2008).

The Court has carefully reviewed Mr. Peoples' Complaint in this action and finds that it lacks allegations of injury in fact to support standing. Mr. Peoples alleges that he asked his doctor to order a Spiral CT, that his doctor agreed to order the test but informed Plaintiff that his insurance company would not pay for it, and that Plaintiff would therefore have to pay for the Spiral CT himself. Plaintiff contends that he has suffered economic harm, however, Plaintiff submits that the economic harm will be redressed if Defendants are ordered to recommend Spiral CT screening.

Plaintiff does not allege that he has decided not to have a Spiral CT because he is unable to pay for it, that he has sought approval from his insurance company, or that he has scheduled a Spiral CT and paid for the test himself. The Court agrees with Defendants' position that any injury to Plaintiff is speculative and conjectural. *See also Norman v. United States Public Health Service,* No. 01–3863, 2002 WL 603048, 2002 U.S. Dist. LEXIS 7391 (E.D. La. April 18, 2002). For these reasons, along with the other persuasive reasons articulated by Defendants, the Court finds that Plaintiff has failed to meet his burden of demonstrating standing in this case and that Defendants' motion to dismiss on this basis is due to be granted. Having concluded that this Court lacks subject matter jurisdiction over this action, the Court does not consider the remaining arguments made by Defendants.

## IV. CONCLUSION

The Court, having concluded that Plaintiff lacks standing, hereby **DISMISSES**

this action **without prejudice.**[2]

---

2. *See Stalley,* 524 F.3d at 1232 (noting that dismissal for lack of standing should be with- out prejudice).